# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0446-17T4
                A-0449-17T4

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

      Plaintiff-Respondent,

v.

D.H. and N.T.,

      Defendants-Appellants.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF C.H., N.H., and A.H., Minors.

_____

Submitted October 11, 2018 – Decided October 22, 2018

Before Judges Accurso, Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FG-13-0092-16.

Joseph E. Krakora, Public Defender, attorney for appellant D.H. (Eric R. Foley, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant N.T. (Kisha M. Hebbon, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Joshua P. Bohn, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Nancy P. Fratz, Assistant Deputy Public Defender, on the brief).

PER CURIAM

In these appeals, which have been consolidated for this opinion, defendants N.T. (Nancy)[1] and D.H. (Derek) appeal from a Family Part order terminating their parental rights to their biological children, four-year-old A.H. (Abby), three-year-old N.H. (Norman), and one-year-old C.H. (Cory). Because we agree with the New Jersey Division of Child Protection and Permanency, as well as the Law Guardian, that there is substantial credible evidence supporting the court's determination that termination of defendants' parental rights is in the children's best interests, we affirm.

The evidence at the guardianship trial showed that the Division first became involved with defendants in December 2013 based on a referral that

---

[1] We employ initials and pseudonyms to protect the privacy of the children and for ease of reference.

A-0446-17T4

Derek and Nancy, who was pregnant, were at a soup kitchen and appeared homeless and in need of services. Six months later, the Division received a second referral that Derek, Nancy and Abby were being evicted from their home and had no place to live.

In September 2014, the Division received a third referral concerning Nancy and Abby's living conditions, a lack of food and Nancy leaving Abby in the care of Nancy's cousin, who had a history of substance abuse and an open case with the Division. At that time, Nancy denied recent drug use but agreed to a substance abuse evaluation because she wanted to avoid a relapse. Derek refused to provide his home address and admitted using marijuana to ease his anxiety and depression. It was recommended that defendants undergo substance abuse and psychological evaluations.

A December 2014 forensic assessment determined Nancy is a "a low functioning adult" and recommended that she undergo cognitive testing, a psychiatric evaluation, parenting skills services and psychotherapy. The Division also received a referral from a hospital that Abby smelled like cigarette smoke when Nancy appeared and sought prenatal care because she was pregnant with Norman, who was due the following month. The Division further received

a referral that two men were observed smoking marijuana while Abby was in their care and Nancy was not present.

On December 19, 2014, the Division filed a verified complaint seeking the care and supervision of Abby due to Nancy's cognitive limitations and concomitant inability to supervise, protect and plan for Abby, and Derek's substance abuse and failure to comply with services. The court entered an order granting the Division care and custody of Abby.

The court granted the Division's emergency removal of Norman immediately following his birth in January 2015. The Division placed Norman in the same resource home as Abby. Twenty-two months later, Cory was born. The court granted care and custody of Cory to the Division, which placed the child in the same resource home as his siblings.

During the guardianship trial, the Division presented the testimony of the two caseworkers and Dr. Elise Landry, who was qualified as an expert in psychology, child rearing, child abuse and neglect, and parenting competency. Dr. Landry conducted psychological and bonding evaluations of Nancy and Derek and a bonding evaluation of the children's resource mother.

Nancy presented the testimony of Dr. Andrew Brown, who was qualified as an expert in psychology with a specialty in neuropsychology. Dr. Brown

A-0446-17T4

conducted a psychological and neuropsychological evaluation of Nancy. Derek did not present any witnesses.

In his oral opinion following the presentation of evidence, Judge Terence P. Flynn made detailed factual findings, addressed each element of the best-interests-of-the-child standard set forth in N.J.S.A. 30:4C-15.1(a) and concluded the Division sustained its burden of proving by clear and convincing evidence it was in the children's best interests to terminate Nancy and Derek's parental rights. He entered a September 8, 2017 judgment of guardianship terminating defendants' parental rights to their three children. This appeal followed.

Nancy offers the following arguments for our consideration:

POINT I

THE TRIAL COURT ERRED IN FINDING THAT THE BEST INTERESTS TEST OUTLINED IN N.J.S.A. 30:4C-15.1[(a)] WAS PROVEN BY CLEAR AND CONVINCING EVIDENCE.

A. Introduction.

B. There Was No Clear and Convincing Evidence To Support the Finding That C.H., N.H., and A.H.'s Safety, Health, Or Development Has Been Or Will Continue To Be Endangered By The Parental Relationship.

C. There Was No Clear and Convincing Evidence To Support The Finding That [Nancy] Is Unwilling Or Unable To Eliminate The Harm Facing C.H., N.H., And

5

A.H. Or Is Unable To Provide A Safe And Stable Home For C.H., N.H., And A.H.

D. There Was No Clear And Convincing Evidence To Support The Finding That [The Division] Made Reasonable Efforts To Provide Services To Help [Nancy] Correct The Circumstances Which Led To C.H., N.H. And A.H.'s Placement Outside Of The Home.

E. There Was No Clear and Convincing Evidence To Support The Finding That Termination Of [Nancy's] Parental Rights Would Not Cause More Harm Than Good.

Derek makes the following arguments:

POINT I

THE JUDGMENT OF GUARDIANSHIP SHOULD BE REVERSED BECAUSE [THE DIVISION] FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT IT PROVIDED REASONABLE EFFORTS TOWARDS REUNIFICATION.

POINT II

[THE DIVISION] FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT TERMINATION OF PARENTAL RIGHTS WILL NOT DO MORE HARM THAN GOOD.

Our review of a trial court order terminating parental rights is limited.

N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). "A

Family Part's decision to terminate parental rights will not be disturbed when

6

there is substantial credible evidence in the record to support the court's findings." N.J. Div. of Child Prot. & Permanency v. K.T.D., 439 N.J. Super. 363, 368 (App. Div. 2015) (citing N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420, 448 (2012)). "We accord deference to factfindings of the family court because it has the superior ability to gauge the credibility of the witnesses who testify before it and because it possesses special expertise in matters related to the family." F.M., 211 N.J. at 448 (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). This enhanced deference is particularly appropriate where the court's findings are founded upon the credibility of the witnesses' testimony. N.J. Div. of Youth & Family Servs. v. H.B., 375 N.J. Super. 148, 172 (App. Div. 2005) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

"Only when the trial court's conclusions are so 'clearly mistaken' or 'wide of the mark' should an appellate court intervene and make its own findings to ensure that there is not a denial of justice." N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88, 104 (2008) (quoting G.L., 191 N.J. at 605). No deference is given to the trial court's "interpretation of the law," which we review de novo. D.W. v. R.W., 212 N.J. 232, 245-46 (2012).

A-0446-17T4

A parent has a constitutionally protected right "to enjoy a relationship with his or her child." In re Guardianship of K.H.O., 161 N.J. 337, 346 (1999). That right, however, "is not absolute" and is limited "by the State's parens patriae responsibility to protect children whose vulnerable lives or psychological well-being may have been harmed or may be seriously endangered by a neglectful or abusive parent." F.M., 211 N.J. at 447 (citing E.P., 196 N.J. at 102). A parent's interest must, at times, yield to the State's obligation to protect children from harm. See N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 397 (2009).

When terminating parental rights, the court must consider the "best interests of the child." K.H.O., 161 N.J. at 347. The Division's petition to terminate parental rights may only be granted if the following four prongs enumerated in N.J.S.A. 30:4C-15.1(a) are established by clear and convincing evidence:

> (1) The child's safety, health, or development has been or will continue to be endangered by the parental relationship;
>
> (2) The parent is unwilling or unable to eliminate the harm facing the child or is unable or unwilling to provide a safe and stable home for the child and the delay of permanent placement will add to the harm. Such harm may include evidence that separating the child from his resource family parents would cause

serious and enduring emotional or psychological harm to the child;

(3) The division has made reasonable efforts to provide services to help the parent correct the circumstances which led to the child's placement outside the home and the court has considered alternatives to termination of parental rights; and

(4) Termination of parental rights will not do more harm than good.

[N.J.S.A. 30:4C-15.1(a).]

"The four criteria enumerated in the best interests standard are not discrete and separate; they relate to and overlap with one another to provide a comprehensive standard that identifies a child's best interests." K.H.O., 161 N.J. at 348. "[T]he cornerstone of the inquiry [under N.J.S.A. 30:4C-15.1(a)] is not whether the biological parents are fit but whether they can cease causing their child harm." In re Guardianship of J.C., 129 N.J. 1, 10 (1992) (citing N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591, 607 (1986)).

Nancy argues the court erred by finding the Division presented clear and convincing evidence as to each prong of the best-interests standard. We disagree. Judge Flynn conducted the required fact-sensitive analysis of the statutory factors. See K.H.O., 161 N.J. at 348. The record supports his determination that although Nancy's limited level of cognitive functioning alone

does not render her unable to care for her children, the children's safety, health and development are endangered by the parental relationship with Nancy because she has "the functioning capability . . . of a second grader," a lack of support from a partner, inadequate financial resources and housing, untreated mental health issues, three children to care for and a demonstrated reluctance to take advantage of various services offered by the Division. The court accepted Dr. Landry's testimony, found Dr. Brown's testimony was not credible, and determined Nancy lacked the ability to address the numerous issues that rendered her unable to safely parent her children, and that termination of Nancy's parental rights would not do more harm than good to the children. We defer to Judge Flynn's detailed findings because they are supported by substantial credible evidence. See K.T.D., 439 N.J. Super. at 368.

Derek argues there is insufficient evidence supporting the court's findings on the third and fourth prongs of the best interests standard. We are not persuaded. Judge Flynn's finding that the Division provided Derek with numerous and ongoing services to ameliorate the mental health, substance abuse, housing and lack of parenting skills issues that rendered him unable to safely parent the children is supported by substantial credible evidence. See F.M., 211 N.J. at 448. Similarly, Judge Flynn's conclusion that termination of

10

Derek's parental rights will not do more harm than good is supported by Dr. Landry's testimony that there is a minimal parental bond between Derek and the children, a strong bond between the children and their long-time resource mother and the children will suffer lasting harm if they are removed from the resource mother's care, but will not suffer any harm by the termination of Derek's parental rights.

We therefore affirm substantially for the reasons set forth in Judge Flynn's comprehensive and well-reasoned oral decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0446-17T4